UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH TYLER LITTLEFIELD,

                Plaintiff,

    v.

UNKNOWN NAMED AGENTS,

                Defendants.

Case No. C21-5302 JLR-TLF

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

This matter comes before the Court on the filing of Plaintiff's complaint. Dkt. 9. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se,* which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). Considering the deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before **May 6, 2022,** plaintiff must either show cause why this cause of action should not be dismissed or file an amended complaint.

BACKGROUND

Plaintiff is incarcerated at Clallam Bay Corrections Center. He seeks damages from unnamed Department of Justice (DOJ) agents for alleged censorship and obstruction with his attempts to "communicate freely". *Id.* at 7. He alleges that these unnamed agents have interfered with his use and access to the telephone, incoming

ORDER TO SHOW CAUSE OR AMEND COMPLAINT - 1

and outcoming mail, electronic mail and scheduled visits. *Id.* Plaintiff further alleges that he was subjected to unreasonable searches and seizures in his cell and the unnamed defendants seized Plaintiff's documents. *Id.* at 13. Finally, Plaintiff alleges that he has been obstructed from conducting legal research and denied access to his attorney. *Id.* at 16. Plaintiff states that he informed DOJ of his claims, but he did not receive a response. *Id.* at 23.

## DISCUSSION

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. See, 28 U.S.C. § 1915(a). The court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The Court must dismiss the complaint of a litigant proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (i) "is frivolous or malicious"; (ii) "fails to state a claim on which relief may be granted" or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need

ORDER TO SHOW CAUSE OR AMEND COMPLAINT - 2

not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States,* 928 F.2d 829, 843 (9th Cir. 1991).

When a plaintiff appears *pro se* in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a *pro se* litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

A. <u>42 U.S.C. § 1983</u>

42 U.S.C. § 1983 "affords a 'civil remedy' for deprivation of federally protected rights caused by persons acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). To state a claim under Section 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Id*. Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

To state a claim under Section 1983, a plaintiff must set forth the specific factual bases upon which the plaintiff claims each defendant is liable. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1982). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

Here, Plaintiff does not identify any defendant by name and the Court cannot serve unnamed defendants. For each of Plaintiff's claims, discussed in more detail below, Plaintiff must identify each defendant by name and must provide operative facts explaining why each person is individually liable.

**Access to Courts**

Plaintiff alleges that he has been denied access to the courts on various occasions because his access to the law library is limited and he has been denied access to the telephone and to his attorney. This appears to be a claim against individuals who work in the state prison system where he currently resides, rather than federal officials. Although the Washington State Department of Corrections (DOC) is not a proper defendant under Section 1983, it is possible that plaintiff intends to sue specific employees or officials who work for the DOC.

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with Plaintiff's right to litigate. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir.2009). Courts have traditionally differentiated between two types of access claims, those involving the right to affirmative assistance, and those involving inmate's right to litigate without active interference. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011).

The right to assistance is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis*, 518 U.S. at 354 (emphasis added). Prisoners also have the right to pursue claims, without active interference, that have a reasonable basis in law or fact. *Silva*, 658 F.3d at 1103–04 (finding that repeatedly transferring the plaintiff to

ORDER TO SHOW CAUSE OR AMEND COMPLAINT - 4

different prisons and seizing and withholding all of his legal files constituted active interference).  This right forbids state actors from erecting barriers that impede the right of access to the courts of incarcerated persons.  *Silva,* 658 F.3d at 1102 (internal quotations omitted).

Plaintiff is required to show that defendants' actions are the proximate cause of actual prejudice to the plaintiff.  *Silva*, 658 F.3d at 1103–04.  To state a viable claim for relief, a plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation" by being shut out of court.  *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir.2011) (citing *Lewis*, 518 U.S. at 348, 351); *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff is advised that if he wishes to pursue this claim, he must allege facts explaining how he was denied access, he must identify the specific individuals and what their roles and responsibilities are within the prison system, what their specific acts or omissions were that allegedly denied him access, and how this denial resulted in a federal constitutional or statutory violation that injured him.

**Legal Mail**

Plaintiff alleges that on multiple occasions his legal mail was opened and read by "Defendants". Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.1995) (per curiam).  A prison may adopt regulations that infringe on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).  Restrictions on incoming mail are given

closer scrutiny than those on outgoing mail, as internal mail has an obvious effect on the internal environment of a prison, while outgoing mail poses less threat to prison security. *Thornburgh v. Abbott*, 490 U.S. 401, 413–14, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989).

Prison officials have a legitimate penological interest in inspecting an inmate's outgoing mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.1995). Regulation of both incoming and outgoing mail is justified to prevent criminal activity and to maintain prison security. *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir.1996). Prison officials may justifiably censor out-going mail containing information about proposed criminal activity and may also visually inspect out-going mail to determine whether it contains contraband material which threatens prison security or material threatening the safety of the recipient. *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974); *Witherow*, 52 F.3d at 266.

Prison officials may inspect non-legal mail for contraband without violating a prisoner's constitutional rights. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (9th Cir.1991). In contrast, "[legal] mail may be opened in the presence of the addressee and ... prison officials can require both that the letters be specially marked with the name and address of the attorney and that the attorney communicate first with prison officials." *Sherman v. McDougall*, 656 F.2d 527, 528 (9th Cir.1981) (citing *Wolff v. MacDonald*, 418 U.S. 539, 575–77 (1974)). "[M]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir.1996). An isolated instance or an occasional opening of legal mail outside of an inmate's presence does

ORDER TO SHOW CAUSE OR AMEND COMPLAINT - 6

not rise to the level of a constitutional violation.  See *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir.1989).

Prisoners are entitled to certain procedural safeguards with regard to the rejection of their mail.  The "minimum procedural safeguards" are: (1) notifying the inmate that the mail was seized; (2) allowing the inmate a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the one who seized the mail.  *Martinez*, 416 U.S. at 417–18.

Plaintiff is advised that if he wishes to pursue a First Amended claim relating to his incoming or outgoing mail, he must provide more facts from which it may be inferred that his constitutional rights were violated by any alleged inspection of his mail.

B. Bivens

In light of the Court's obligation to construe the pleadings of *pro se* plaintiff's liberally, the Court also considers whether Plaintiff has stated a claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Considering the factual allegations of plaintiff's complaint, plaintiff has also failed to allege a claim under *Bivens*.

*Bivens* actions are the judicially-crafted counterpart to Section 1983. They enable a plaintiff to sue individual federal officers for damages resulting from alleged violations of constitutional rights. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991).

ORDER TO SHOW CAUSE OR AMEND COMPLAINT - 7

Since the United States Supreme Court first recognized an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional right, the expansion of *Bivens* remedies has been disfavored. *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018). In fact, since *Bivens*, the United States Supreme Court has only expanded this implied cause of action twice. *Id*. (citing *Ziglar v. Abbsi*, 137 S. Ct. 1843, 1854 (2017)). "In *Davis v. Passman*, the Court provided a *Bivens* remedy under the Fifth Amendment's Due Process Clause for gender discrimination." *Vega*, 881 F.3d at 1152 (citing *Davis v. Passman*, 442 U.S. 228 (1979)). "In *Carlson v. Green,* the Court expanded *Bivens* under the Eight Amendment's Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment to a prisoner." *Vega*, 881 F.3d at 1152 (citing *Carlson v. Green*, 446 U.S. 14 (1980)).

The Court has "focused increased scrutiny on whether Congress intended the courts to devise a new Bivens remedy." *W. Radio Services Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1119 (9th Cir. 2009). In *Wilkie v. Robbins*, the Court provided a two-step analysis to determine whether courts should recognize a *Bivens* remedy. *Vega*, 881 F.3d at 1153 (citing *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)). First, the Court must consider "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Wilkie*, 551 U.S. at 550. Second, in the absence of an alternative, existing process, the Court must consider whether any special factors counsel hesitation before authorizing a new kind of federal litigation. *Id*.

Further, the Court has stated that "if there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new

ORDER TO SHOW CAUSE OR AMEND COMPLAINT - 8

*Bivens* cause of action." *Ziglar v. Abbsi*, 137 S. Ct. 1843, 1858 (2017). The Court in *Ziglar* reasoned that if Congress has created an alternative process to protect the injured party's interest, "that itself may 'amount to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." 137 S. Ct. 1858 (quoting *Wilkie*, 551 U.S. at 550).

Here, Plaintiff's *Bivens* claim fails because he does not name any specific federal officers in the complaint. He groups all "defendants" together throughout his complaint without specifically naming the defendants or their roles in each incident. He simply identifies them as "DOJ agents."

Accordingly, because judicial expansion of implied causes of action under *Bivens* is disfavored, and because plaintiff's alternative—and exclusive remedy—is under 18 U.S.C. § 1983, plaintiff has failed to allege a cause of action under *Bivens*.

## Conclusion

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, on or before **May 6, 2022**. If an amended complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named*

*Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff the appropriate forms for filing 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* information sheet.

Dated this 8th day of April, 2022.

Theresa L. Fricke
United States Magistrate Judge