UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>UNKNOWN NAMED AGENTS,<br><br>　　　　　　　Defendants. | Case No. 3:21-cv-05302-JHC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for August 19, 2022 |

This matter is before the Court on plaintiff's filing of an amended complaint (Dkt. 15) pursuant to the Court's order on April 7, 2022 (Dkt. 11). Plaintiff has been granted *in forma pauperis* in this matter and is proceeding *pro se*, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

Plaintiff also filed a motion for preliminary injunction. Dkt. 13. He asks the Court to issue an order directing the defendants and "any other persons including the Washington Department of Corrections personnel" to stop censoring, seizing and withholding his mail and interfering with his communications. Dkt. 13 at 6.

For the reasons set forth below, plaintiff's response has not cured the deficiencies in plaintiff's complaint, and therefore the undersigned recommends that the Court dismiss this action without prejudice prior to service for failure to state a claim

REPORT AND RECOMMENDATION - 1

upon which relief may be granted. Further, this Court recommends that Plaintiff's motion for preliminary injunction be denied as moot.

### RELEVANT FACTS

Plaintiff is incarcerated at the Washington State Penitentiary in Walla Walla. In the Amended Complaint, the allegations seem to concern plaintiff's experiences beginning March 1, 2021 (Dkt. 15 at 9); yet he also alleges that the relevant facts happened between August 11, 2020 and May 6, 2022, the date he signed the Amended Complaint (Dkt. 15 at p. 15) – incidents that allegedly happened while plaintiff was incarcerated at the Clallam Bay Corrections Center, as well as later at Walla Walla. Dkt. 15 at 2-29.

He seeks damages from seven unnamed Department of Justice (DOJ) agents for alleged censorship and obstruction with his attempts to "communicate freely." Dkt. 15. Plaintiff alleges that unnamed officers seized personal property, including legal documents, from his cell during searches that were done for the purposes of finding contraband. Dkt. 15 at 13-15. Plaintiff also alleges that unnamed officers #5, #6, and #7 arbitrarily seized pieces of mail – including legal materials -- from him in violation of his constitutional rights. Dkt. 15 at 15.

He contends he is entitled to injunctive relief and damages, based on violations of the Fourth Amendment search and seizure provisions of the United States Constitution. Dkt. 15 at 17. Plaintiff asserts the defendants were violating state Department of Corrections policies, and they were "federal actors operating under color of federal law." Dkt. 15, at 11-15.

**DISCUSSION**

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Pursuant to Federal Rule of Civil Procedure (FRCP) 8(a), a pleading that states a claim for relief must contain:

(1) A short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support.

(2) A short and plain statement of the claim showing the pleader is entitled to relief; and

(3) A demand for relief sought which may include relief in the alternative or different types of relief.

While the pleading standard under FRCP 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions" or "naked assertions[s]" devoid of "further factual enhancements." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

When a plaintiff appears pro se in a civil rights case, "the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient

REPORT AND RECOMMENDATION - 3

standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See, American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985). Vague and conclusory allegations of officials participating in a civil rights violation are not sufficient to support a claim under Section 1983. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982).

*Bivens* actions are the judicially crafted counterpart to Section 1983. They enable victims to sue individual <u>federal</u> officers for damages resulting from violations of constitutional rights. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Id.*

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her

complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith.* 974 F.2d 1050, 1055 (9th Cir. 1992). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Here, Plaintiff's *Bivens* claim fails because he does not name specific federal officers in the complaint. He identifies defendants by number when talking about each specific incident they were involved in -- and does not specifically name them, provide any other identifying information, or describe each individual defendant's role.

[W]here the identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999); *see also, Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 577 (N.D. Cal. 1999) (describing factors for trial court to consider when deciding whether plaintiff should be allowed early discovery from non-parties in order to identify parties whose names and whereabouts are unknown). If the allegations in the complaint are specific enough that the identity of the party would likely be learned through discovery or through the aid of the trial court, it is an abuse of discretion to dismiss the case without allowing for such discovery. *Gillespie v. Civiletti,* 629 F.2d 637, 642-643 (9th Cir. 1980).

In this situation, on the face of the complaint, plaintiff would not be able to state a cause of action -- because his Fourth Amendment rights were not violated, as a matter of law. *Hudson v. Palmer,* 468 U.S. 517, 526 (1984). Prisoners do not have a Fourth

Amendment right in their prison cell. *Hudson v. Palmer,* 468 U.S. 517, 526 (1984). Prison officials may inspect prisoner's cell for contraband because a prisoner does not have an expectation of privacy and unreasonable searches do not apply within the confines of a prison cell. *Hudson v. Palmer*, 468 U.S. 517, 525-26.

Prisons are places of involuntary confinement and recognition of privacy rights for prisoners in their cells cannot be reconciled with the objectives of penal institutions and the concept of incarceration. *Id*. Because plaintiff's constitutional rights were not violated, qualified immunity would apply to the claims for damages under the Fourth Amendment, as a matter of law. *Ashcroft v. Iqbal,* 556 U.S. 662, 671-686 (2009).

Thus, Plaintiff's complaint fails to state a claim, and any attempt to amend the complaint would be futile.

### A. Motion for Preliminary Injunction

Under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be issued without notice to the opposing party. A temporary restraining order may be granted under Rule 65(b), but only if:

1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and

2) the [applicant] certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Here, plaintiff has not attempted to give notice because the defendants have not been identified; in addition, there is no showing of immediate and irreparable injury, loss, or damage; and for the reasons described above, the case should be dismissed

REPORT AND RECOMMENDATION - 6

without prejudice because it fails to state a claim upon which relief may be granted. Therefore, Plaintiff's motion for preliminary injunction should be denied.

## CONCLUSION

Plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint or respond with cause why his complaint should not be dismissed. But the complaint remains fatally deficient, without any indication the deficiencies discussed above can be cured. Further, Plaintiff's motion for preliminary injunction should be denied because Plaintiff's complaint identifies only defendants by number and not by any name or other identifying information, thus it cannot be served.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **August 19, 2022**, as noted in the caption.

Dated this 1st day of August 2022.

Theresa L. Fricke
United States Magistrate Judge